The Honorable Pat Bond State Representative 2601 T.P. White Drive Jacksonville, AR 72076-2559
Dear Representative Bond:
You have requested an Attorney General opinion in response to the following question:
 Can a city suspend sick leave accrual for its law enforcement officers during months in which the officers do not work at least eleven days?
It is my opinion that it is not permissible under current law for a city to suspend sick leave accrual for its law enforcement officers during months in which the officers do not work at least eleven days.[1]
You indicate that this issue has arisen out of a policy enacted by the City of Jacksonville, under which law enforcement officers who are absent from work due to illness are not allowed to accrue sick leave for any month in which they did not work at least eleven full work days.
This issue is governed by the provisions of A.C.A. § 14-52-107. That statute states in pertinent part:
 (a)(1) From and after April 11, 1969, all law enforcement officers, regardless of their titles, such as city marshal, employed by cities of the first and second class or incorporated towns shall accumulate sick leave at the rate of twenty (20) working days per year beginning one (1) year after the date of employment.
A.C.A. § 14-52-107 (emphasis added).
Under the plain language of section (a)(1) of the above-quoted statute, all law enforcement officers are to accumulate sick leave at a rate of 20 working days per year (beginning after one year of employment). The statute does not place any limitations on the allowance of this benefit, nor does it authorize cities to do so. Cities are prohibited from enacting any legislation that is contrary to state law. Article 12, § 4
of the Arkansas Constitution states: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . ." Accord, A.C.A. §§ 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law);14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state"); 14-42-502 (city councils in cities of the first class have legislative power granted by state law and "not prohibited by it").
In my opinion, a policy that limits the benefit granted by A.C.A. §14-52-107 would be contrary to state law, and therefore impermissible.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The analysis set forth in this opinion does not apply to part-time employees. This office has previously opined that A.C.A. § 14-52-107, upon which this opinion is based, does not apply to part-time law enforcement officers. See Op. Att'y Gen. No. 97-112. I concur in that view.